IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT JAMES LEE #1094546 | § | |
| v. | § | CIVIL ACTION NO. 6:08cv328 |
| GAYE KARRIKER | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Lee, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant in the lawsuit is Gaye Karriker, the chief of classification at the Michael Unit.

In his complaint, Lee says that in October of 2006, he learned that a charge of "attempted escape" was still in his prison records, even though he had been promised three years earlier that his records would be corrected. He filed a grievance, which was denied as untimely; however, a subsequent grievance, filed in April of 2007, revealed that his records contain an "escape plot." This grievance told him to contact the classification department, but when he did so, Karriker refused to remove the escape charge.

Lee complained that he had never been notified that a charge of escape had been lodged against him and so he has never been allowed to refute it or to otherwise defend himself. He says that the charge has "affected every aspect of his prison life" and that it will affect his parole and "follow him for the rest of his life."

The Magistrate Judge ordered Texas prison officials to furnish records concerning Lee's claims. Copies of the records, which are known as a "Martinez Report," were furnished to Lee, who was allowed to file a response thereto.

The records show that Lee does not have a disciplinary case for escape, but that he was identified as having been part of an escape plot. This was entered into Lee's prison records on June 6, 2003. Lee was apparently in the Dallas County Jail at that time; he says that after prison officials told the Dallas County Sheriff's Department that he was an escape risk, he was removed from the general population in the jail, placed in segregation, and was denied recreation and medical care.

The Magistrate Judge stated first that Lee learned in 2003 that he was suspected of being involved in an escape plot or that he had connections with such a plot, and that in October of 2003, Lee says that a TDCJ warden promised him that the information would be removed from his records. The Magistrate Judge therefore concluded that because Lee brought his lawsuit some five years after discovering the alleged error in his records, his lawsuit was barred by the statute of limitations.

Even beyond this, the Magistrate Judge said, Lee failed to show the deprivation of a constitutionally protected liberty interest. The mere fact that false information had been placed in his file, without more, did not show the deprivation of such an interest; the Magistrate Judge observed that Lee is not eligible for release on mandatory supervision and any effect which this allegedly false information may have had on his parole eligibility did not implicate such a liberty interest. The other effects which Lee cited, including on his housing status and job assignments, likewise did not implicate a constitutionally protected liberty interest, the Magistrate Judge said. Finally, the Magistrate Judge stated that Lee's speculations that Texas law enforcement officials may have been notified, or that the information would be "made available to the public," also did not

implicate a protected liberty interest. The Magistrate Judge therefore recommended that Lee's lawsuit be dismissed as frivolous.

Lee filed objections to the Magistrate Judge's Report on August 3, 2009. In his objections, he first complains about a typographical error in the Report, which error has no substantive effect. Second, Lee asserts that he has twice paid the initial partial filing fee, and complains that the Magistrate Judge did not address his request that one of these payments be returned to him. The docket of the case shows that Lee has paid a total of $328.59 of the $350.00 filing fee which he owes. He has not shown that he is entitled to have any money returned to him, as he has not yet satisfied the full fee.

Third, Lee contends that the Magistrate Judge erred in concluding that his lawsuit was barred by the statute of limitations. He says that his lawsuit falls under the "continuing tort" exception, on the theory that each day that the escape charge remained on his record re-started the limitations period. He also says that he did not learn that the charge had been placed in his records by Gaye Karriker until 2007, and so the limitations period began to run at that time, that his grievance process was "pending" from October of 2003 until he filed his Step One grievance in April of 2007, which tolled the limitations period, and that prison officials were guilty of "fraudulent concealment" because he was promised by a warden in 2003 that the problem would be corrected but it was not.

Federal courts apply the general personal injury limitations period and tolling provisions of the forum state. Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999). The Texas Supreme Court has not endorsed the "continuing tort" doctrine, and so Lee's reliance upon it is misplaced. Flint v. U.S. Bureau of Prisons, 303 Fed.Appx. 190 (5th Cir., December 16, 2008) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2008 WL 5231856), *citing* Creditwatch Inc. v. Jackson, 157 S.W.3d 814, 816 n.8 (Tex.2005); *see also* General Universal Systems Inc. v. HAL, Inc., 500 F.3d 444, 451-53 (5th Cir. 2007).

Furthermore, Lee has failed to show that the doctrine of continuing tort applies even were it recognized under Texas law. In Jones v. Johnston, 160 Fed.Appx. 336 (5th Cir., December 14, 2005) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2005 WL 3420096), the plaintiff, a federal prisoner, alleged that the defendants had placed false information into his prison records - specifically, information that the prisoner had "snitched," thus placing him in danger. The plaintiff, like Lee, alleged that this was a "continuing tort," but the Fifth Circuit stated that it was not a continuing tort, but only a continuing injury, and so the limitations period was not tolled. The same situation exists here.

Lee also argues that the limitations period should be tolled until 2007 because it was at that time that he discovered that Gaye Karriker was the person responsible for the allegedly false entry in his records. However, he fails to show that a reasonable investigation in 2003, when he learned of the situation, could not have turned up this information in a timely manner. This contention is without merit.

Similarly, Lee argues that the statute of limitations should be tolled because of the pendency of the grievance process. He contends that the administrative grievance process was "pending" from 2003 until 2007, but this assertion is patently without merit. Lee also says that the limitations period should be "tolled" because of "fraudulent concealment," by which he means that he was not "officially notified" of the escape plot notation until April of 2007; he also says that he was "misled" into believing that the notation would be removed in 2003. However, Lee was made aware that his records contained an escape plot in 2003. The doctrine of fraudulent concealment requires that the injured party exercise due diligence, and the limitations period accrues when the party knows or should have known of the injury. Margolies v. Deason, 464 F.3d 547, 554 (5th Cir. 2006); DeShazo v. Nations Energy Co. Ltd., 286 Fed.Appx. 110 (5th Cir., May 29, 2008) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2008 WL 2228843). In this case, regardless of the circumstances that he cites, Lee became aware of the escape plot notation in his records in

2003, and filed this lawsuit some five years later. The Magistrate Judge did not err in concluding that the statute of limitations has expired.

In arguing that the "escape plot" notation implicated a protected liberty interest, Lee asserts that it is a "disciplinary offense" for which he was never charged nor given an opportunity to defend himself. He cites Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991), in which the court found that a state parole board's admitted use of false information was arbitrary and capricious and violated due process. However, in discussing Monroe, the Fifth Circuit has noted that subsequent Eleventh Circuit precedent did not expressly overrule that case but did say that no due process rights exist where there is no legitimate expectation of parole, and that Monroe itself is limited to situations in which the State admits to the use of false information, because a prisoner's allegation that false information was used to deny him parole is insufficient, in the absence of such an admission, to state a claim under Section 1983. Johnson v. Rodriguez, 110 F.2d 299, 308 n.13 (5th Cir. 1997). In this case, the Magistrate Judge observed that Lee was not eligible for release on mandatory supervision and had no legitimate expectation of parole, and in any event the State has not admitted to the use of false information with regard to Lee. His reliance on Monroe is misplaced.

Next, Lee cites Jones v. Ray, 279 F.3d 944 (11th Cir. 2001), which he says re-affirms Monroe. In that case, the Eleventh Circuit stated that a claim that false information was used to deny an inmate parole failed to set forth a constitutional claim because Georgia inmates have no liberty interest in parole. The Eleventh Circuit cited Monroe in dicta to state that while the use of false information in a parole file can be a due process violation, prisoners cannot make conclusory allegations regarding the use of such information as the basis of a due process claim. However, like Jones, Lee lacks a constitutionally protected liberty interest in parole, and so his claim on this point is without merit.

Lee goes to cite Lucas v. Hodges, 730 F.2d 1493 (D.C.Cir. 1984), *judgment vacated* 738 F.2d 1392, but fails to note that the judgment in that case was vacated. Even were that not the case, it is apparent that the decision in Lucas relies on the theory that the State may create liberty interests

5

through statutory or regulatory measures, a theory which was rejected by the Supreme Court in Sandin. Thus, the vacated decision in Lucas afford no support to Lee's claim.

In Foulds v. Corley, 833 F.2d 52 (5th Cir. 1987), also cited by Lee, the prisoner alleged that a disciplinary charge of escape lacked an evidentiary basis and so punishing him for it was improper. In this case, however, no disciplinary charges were brought against Lee, nor has he shown that any "punishment" which has been inflicted as a result of the notation in his records has implicated a constitutionally protected liberty interest.

Similarly, in Lenea v. Lane, 882 F.2d 1171 (11th Cir. 1989), the court found that a prisoner had been found guilty in a disciplinary proceeding of aiding and abetting an escape, but that there was insufficient evidence to support the finding of guilt. Expunction of the prisoner's disciplinary record was ordered. As above, Lee did not receive a disciplinary case, and he has failed to show that a constitutionally protected liberty interest is implicated. Both Foulds and Lenea pre-date Sandin and must be viewed in the context of that case, and neither provides any support for Lee's claims.

Finally, Lee cites Burnsworth v. Gunderson, 179 F.3d 771 (9th Cir. 1999), in which a prisoner was found guilty of the disciplinary charge of escape, and the district court found that there was no evidence to support the conviction and ordered that it be expunged, even though there had been no violation of the plaintiff's due process rights. This order was affirmed by the Ninth Circuit Court of Appeals. Because Lee did not receive a disciplinary case, Burnsworth does not apply; even if it did, it is apparent that the Ninth Circuit's reasoning in Burnsworth differs from applicable Fifth Circuit precedent, as can be seen by comparing Burnsworth with Johnson v. Rodriguez or Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Because this Court, the Eastern District of Texas, is bound by the precedent of the Fifth Circuit, the contrary reasoning of the Ninth Circuit carries little if any weight. Lee's objections on these grounds are without merit.

Next, Lee says that while the Magistrate Judge stated that he cannot challenge any parole review procedures, including reliance on false information, the Supreme Court held in Wilkerson v. Dotson, 544 U.S. 74 (2005) that prisoners have a right to challenge parole suitability criteria under

Section 1983, "apparently without any 'liberty' concerns," when seeking only declaratory and injunctive relief. However, Lee misapprehends the holding of Wilkerson. That case held that challenges to parole procedures may proceed under Section 1983 and need not be brought in habeas corpus. This has been the law in the Fifth Circuit for a number of years. Serio v. Members, Louisiana State Board of Pardons, 821 F.2d 1112, 1118 (5th Cir. 1987). Regardless of whether Lee was challenging parole procedures, which is done through a lawsuit under Section 1983, or a single allegedly defective parole hearing, which is done through habeas corpus, he nonetheless failed to identify any constitutionally protected liberty interest, and so his claim is without merit, as the Fifth Circuit explained in Johnson v. Rodriguez.

Next, Lee argues that he has a liberty interest in being free from punishment through a disciplinary offense without due process of law; he says that he was punished by spending over 100 days in solitary confinement without due process. The solitary confinement of which he complains occurred in the Dallas County Jail in 2003, and thus plainly fell outside of the period of limitations. In addition, even assuming that Karriker was responsible for the placement of the escape plot notation in his records, Lee has not shown that Karriker, a TDCJ official was responsible for the conditions of his confinement in the Dallas County Jail; it was the officials in Dallas County, not Karriker, who placed him in solitary confinement and denied him the other privileges of which he complains. Lee's objection on this basis is without merit.

Finally, Lee complains that the Magistrate Judge did not address his equal protection claim. This claim, in its entirety, reads as follows:

> C. Prison Conditions. Plaintiff has a right to be treated the same as other prisoners similarly situated. Because of the false escape charge, Plaintiff's request for dormitory housing was denied as well as a clerk's job that he applied for. TDCJ has developed policy that places limits on prisoners with escape charges and these limits affect every aspect of living in prison. From housing, work, education, visitation and release, an escape charge places added restrictions on the prisoner.
>
> The Supreme Court has held that unless a statute provokes strict judicial scrutiny

because it interferes with a fundamental right or discriminates against a suspect class, it will

ordinarily survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose. Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 457-58 (1988). In this case, the separate classification suspected of participating in escape plots is rationally related to legitimate governmental interests. Furthermore, the Fifth Circuit has held that to prove a cause of action under Section 1983 for an equal protection violation, the plaintiff must demonstrate that prison officials acted with a discriminatory purpose. The phrase "discriminatory purpose," in an equal protection context, implies that the decision-maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group. Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).

While it is true that the Supreme Court has recognized equal protection claims based on a "class of one," *see* Village of Willowbrook v. Olech, 528 U.S. 562 (2000), Lee has failed to show such a violation here. To establish such a claim, the plaintiff must show that he was treated differently from others similarly situated and that there was no rational basis for the difference in treatment. Olech, 528 U.S. at 564. In other words, as the Fifth Circuit has explained, any rational ground for the conduct in question will suffice to defeat a class-of-one claim. Stotter v. University of Texas at San Antoniom 508 F.3d 812, 824 (5th Cir. 2007).

In this case, Lee's general and conclusory allegations fail to set out an equal protection claim. Under his theory, any inmate convicted of a disciplinary case for which he proclaims innocence, or subjected to any other restrictions not universally applied to all, would be able to challenge that circumstance based on an Equal Protection claim. Such a theory has never been accepted by the Fifth Circuit, and this Court declines to so hold in this case. Lee's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint and amended complaint, the Martinez Report furnished by prison officials, the Plaintiff's response thereto, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo*

review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that the Clerk shall provide a copy of this order to the Administrator of the Sanction and Three Strike List for the Eastern District of Texas.

**So ORDERED and SIGNED this 17th day of August, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**